UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CONGYU XU and YICHANG XU,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF STATE, et al.,

Defendants.

Case No. C26-769RSM

ORDER GRANTING MOTION TO DISMISS UNDER RULE 12(b)(3)

This matter comes before the Court on Defendants' Motion to Dismiss, Dkt. #7. Plaintiffs Congyu Xu and Yichang Xu are Chinese citizens who currently reside in Canada. A U.S. consular officer in Canada adjudicated and refused Plaintiffs' nonimmigrant visa applications in August 2025. Plaintiffs seek to compel Defendants to re-adjudicate these visa applications under the Mandamus Act and the Administrative Procedure Act. Defendants move to dismiss for improper venue under Rule 12(b)(3).

Pursuant to 28 U.S.C. § 1391(e)(1), a "civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the

action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Defendants argue that they do not reside in this district but in Washington D.C. *See* Dkt. #7 at 6–7. Defendants articulate why Plaintiffs do not reside in this district and cannot say that they reside here simply because they plan to return to Washington State for employment. *Id*. at 7 (citing cases). Finally, Defendants articulate why Plaintiffs cannot show that "a substantial part of the events or omissions giving rise to the claims occurred" in this district. *Id*. at 7–8. Plaintiffs applied for their visas in Vancouver, Canada and the State Department refused the applications in Vancouver, Canada. *See* Dkt. #1 at 3–4.

In Response, Plaintiffs argue that they "physically resided [in Everett, Washington] before they left to China for what was intended to be a short trip," and that they "intend to continue residing and working within the state of Washington once the H-1B and H4 stamps are issued." Dkt. #11 at 7–8. Plaintiffs do not argue that they currently reside in the district.

On Reply, Defendants argue that "[t]he hope or intention to return to a residence in this district does not suffice to establish venue." Dkt. #12 at 3 (citing *Kiyaroudi v. Rubio*, No. C25-0091JLR, 2025 WL 1434380, at *3 (W.D. Wash. May 19, 2025).

The Court agrees with Defendants. Plaintiffs reside in Canada. Defendants reside in Washington, D.C. Plaintiffs have failed to show that "a substantial part of the events or omissions giving rise to the claims occurred" in this district. Accordingly, Plaintiffs have failed

to establish that venue is proper in this district and the Court will dismiss this case under Rule 12(b)(3).

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss under Rule 12(b)(3), Dkt. #7, is GRANTED. Plaintiffs' claims are DISMISSED without prejudice to refile in the proper venue. This case is CLOSED.

DATED this 5th day of October, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE